REINHARDT, J.,
concurring in part and dissenting in part.
I concur with the majority in every respect except one.
The magistrate judge rejected Autotel’s argument that it should be given access to Qwest’s network, which spans two Local Access Transport Areas (“LATAs”), via a single point of interconnection. She reasoned that there was no authority that would require Qwest to reconfigure its network so as to allow transport of local traffic between the two LATAs. There was on the other hand no authority that required the judge to rule in Qwest’s favor, where such an interconnection was technically feasible.
I read US West Communications, Inc. v. Jennings, 304 F.3d 950 (9th Cir.2002), and MCI Telecommunication Corp. v. Bell Atlantic Pennsylvania, 271 F.3d 491 (3d Cir.2001), as authority that supports Auto-tel’s position, although they do not reach the specific question presented here. My inclination is to conclude that the reasoning of those cases would be applicable to this one, and that here, as there, “[t]he decision where to interconnect and where not to interconnect must be left to [the competitor], subject only to concerns of technical feasibility.” MCI, 271 F.3d at 518. Accordingly, I dissent in that one respect.
As is more than obvious from a reading of the above two paragraphs, I do not “acknowledge [that] there is no statute [or] regulation” that compels the result sought by Autotel. The entire thrust of the dissent is to the contrary. Surely, the word “authority” cannot be that difficult to comprehend, at least in the context of the dispute about which we write.